UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Tomasz Staniszewski | ) | 13-18175 |
| Beata Staniszewski | ) | Chapter 13 |
| Debtors. | ) | Judge: Jack B. Schmetterer |
| | ) | |
| | ) | |
| Tomasz Staniszewski | ) | |
| Beata Staniszewski | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | ADV. NO. 13 AP 1224 |
| | ) | |
| PNC Bank, N.A. | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. The Parties

1. Plaintiffs are Tomasz Staniszewski and Beata Staniszewski ("Plaintiffs").

2. Defendant is PNC Bank, N.A. ("Defendant").

### B. Factual Background

1. Plaintiffs filed a petition under Chapter 13 of the U.S. Bankruptcy Code on April 30, 2013.

2. Plaintiffs are the owners of the real property located at 127 Center Avenue, Wheeling, Illinois 60090.

3. Fannie Mae, serviced by PNC Mortgage, a division of PNC Bank, N.A., holds the first mortgage lien on the real property located at 127 Center Avenue, Wheeling, Illinois 60090, with a secured claim of 235,921.99.

4. Defendant holds a second mortgage lien on the real property known as 127 Center Avenue, Wheeling, Illinois 60090, with a claim of 30,887.67.

5. The fair market value of the real property known as 127 Center Avenue, Wheeling, Illinois 60090 at the time of filing of Plaintiffs' Chapter 13 bankruptcy case was not more than $190,000.00.

1. The Modified Chapter 13 Plan filed on October 6, 2013 provides for monthly Plan payments to the Chapter 13 Trustee in the amount of $293.51 per month for 38 months.

2. The Modified Chapter 13 Plan provides that general unsecured creditors will receive 10% of their allowed claims.

3. On October 9, 2013, Plaintiffs issued a summons and complaint pursuant to U.S.C. § 506(a) and F.R. Bankr. P. 3012 to determine the validity of the second lien of PNC Bank, N.A. on Plaintiffs' property located at 127 Center Avenue, Wheeling, Illinois 60090.

4. On October 9, 2013 a copy of the summons and complaint was served by certified mail on an officer of the Defendant at 249 Fifth Ave., Pittsburgh, PA 15222, postage prepaid as well as by leaving the process with Defendant's agent at 505 W. Liberty St., Wauconda, Illinois 60084.

6. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.

7. No evidence has been presented to challenge the validity of the secured claim that holds priority over the second mortgage lien.

8. Furthermore, no evidence has been presented to challenge the property value of $190,000.00.

9. The first secured claim in the amount of $235,921.99 exhausts the value and equity to support the claim of Defendant.

## CONCLUSIONS OF LAW

**A. Jurisdiction**

1. This contested matter is a core proceeding within the meaning of 28 U.S.C § 157(b)(2)(K). This court has jurisdiction pursuant to 28 U.S.C. § 157(a) and § 1334(b).

2. Venue is proper pursuant to 28 U.S.C. § 1409.

**B. Argument**

3. This action was initiated under 11 U.S.C. § 506(a) and F. R. Bankr. P. 3012.

4. Debtors scheduled the first secured claim on the property located at 127 Center Avenue, Wheeling, Illinois 60090 in the amount of $227,997.46, and the claim of Defendant in the amount of $30,642.00.

5. The value of Plaintiff's residence is $190,000.00.

6. As there is no value or equity to support the second priority lien of PNC Bank, N.A., the PNC Bank, N.A. claim is not a claim secured at all by a security interest in the Plaintiffs' residence.

7. To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void..." *11 U.S.C. § 506(d)*. Because the junior mortgage lien held by Defendant is wholly unsecured, it should not be allowed as secured claim and the mortgage lien is subject to strip off pursuant to 11 U.S.C. §506(d). *See Pond v. Farm Specialist Realty (In re Pond)*, 252 F.3d 122 (2nd Cir.2001); *McDonald v. Master Fin., Inc.* (In re McDonald), 205 F.3d 606 (3rd Cir. 2000); *In re Bartee*, 212 F.3d 277 (5th Cir. 2000); *In re Lane*, 280 F.3d 663 (6th Cir. 2002); *Zimmer v.PSB Lending Corp.*, 313 F.3d 1220 (9th Cir. 2002); and *In re Tanner*, 217 F.3d 1357 (11th Cir. 2000).

Dated:

12/16/13

Enter: _____
United States Bankruptcy Judge

DEC 1 6 2013

Prepared by:
M. Eryk Nowicki & Associates, P.C.
Attorney for Plaintiffs
250 Parkway Drive, # 150
Lincolnshire, IL 60069
(847) 325-5020